that the fact that some costs may be payable under the Sue and Labor clause does not prevent their consideration as a "recovery or repair" cost for purposes of the constructive total loss calculation. We conclude, however, that Alexander failed to conclusively prove that the towing charges were a "recovery" or "repair" expense. The testimony on this point was mixed—Robbins contended that it was not, others agreed with the suggestion that it was. Alexander argues that in calculating repair and recovery costs "it is proper to include the expenditure necessary to deliver the ship from its peril to a port of safety," relying on a treatise. L. Burglass, MARINE INSURANCE AND GENERAL AVERAGE IN THE UNITED STATES 109 (3d ed.1991). However, he cites no testimony that the tow to Palacios Shipyard was for the purpose of transporting it to a "port of safety" or that it was in "peril" at the time of the transport. The evidence, actually, is to the contrary—the ST. LOUIS was already salvaged and docked at K & B before the towing fee was incurred. Palacios treated the towing differently from the repair costs, and Robbins stated that the towing was not a repair cost. If the towing fee is subtracted from the "undisputed figures" that Alexander relies upon, the number becomes less than $400,000. Thus, we need not examine other amounts from the calculation to conclude that, on the record here, the district court's finding that the "constructive total loss" amount was less than $400,000 was not "clearly erroneous." Accordingly, St. Paul did not breach its contract or act in bad faith in failing to declare the ST. LOUIS a "constructive total loss."

## IV.   CONCLUSION

AFFIRMED.

**Karen R. STANFORD, Plaintiff–Appellant**

v.

**WAL–MART STORES TEXAS LLC; Wal–Mart Stores Inc., Defendants–Appellees.**

No. 08–20776.

United States Court of Appeals, Fifth Circuit.

Oct. 2, 2009.

David Lee Murff, Centerville, TX, for Plaintiff–Appellant.

John Andrew Ramirez, Bush & Ramirez, Houston, TX, for Defendants–Appellees.

Before BENAVIDES, DENNIS, and ELROD, Circuit Judges.

PER CURIAM: *

AFFIRMED.  *See* 5TH CIR. R. 47.6.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**David Heston GARY, also known**
**as David Heston Harrell,**
**Defendant–Appellant.**

**No. 08–20497**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 2009.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

David B. Adler, Bellaire, TX, for Defendant–Appellant.

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

David Heston Gary appeals his guilty plea conviction for possession of a firearm during and in relation to a drug trafficking offense.  He argues that the district court erred by accepting his guilty plea because the factual basis did not establish that he carried a weapon in relation to an underlying drug trafficking crime.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.